DECISION
Manufacturers and Traders Trust Company ("MT") filed a motion for reconsideration of this Court's January 22, 2010 Decision regarding the interpretation of G.L. 1956 § 34-28-9 as it relates to procedures for perfecting mechanics' liens for unpaid retainage. This mechanics' lien action involved eighteen consolidated mechanics' liens arising out of the rehabilitation of the old Royal Mills complex in West Warwick. The completed project now *Page 4 
contains over 250 residential units. The owner of the project defended the lien claims along with MT, a mortgagee.
Apparently, because this Court's January 22, 2010 Decision is being broadly interpreted, MT seeks clarification of its terms. The Court will clarify the terms of its prior Decision herein.
The mechanics' lien statute clearly requires that a notice of intention shall be filed within 200 days of doing the work or furnishing materials, as follows:
 Except as provided in § 34-28-7 [pertaining to architects and engineers], any and all liens claimed or that could be claimed under §§ 34-28-1, 34-28-2 or 34-28-3 shall be void and wholly lost to any person claiming under those sections unless the person shall, before or within two hundred (200) days after the doing of such work or the furnishing of such materials, mail by prepaid registered or certified mail, in either case return receipt requested, a notice of intention, hereinafter described, to do work or furnish material, or both. . . . G.L. 1956 § 34-28-4.
§ 34-28-9 ("Effective Period of Notice") sets forth the general proposition that the lien only covers work performed with the 200 days prior to the filing of the notice of intention. Section 34-28-9
also establishes a limited exception to the 200 day look-back limitation when the lien is for retainage:
 A notice of lien recorded in the land evidence records pursuant to § 34-28-4 shall be effective for two hundred (200) days prior to the date of filing. A notice of lien shall be effective as to any retainage earned but not paid, for work furnished pursuant to § 34-28-1 et seq., and said notice of lien shall be effective from commencement of said work. G.L. 1956 § 34-28-9.
Rules of statutory construction require that each section and each provision be given its ordinary meaning. See RetirementBoard of Employees' Retirement System of Rhode Island v.DiPrete, 845 A.2d 270, 279 (R.I. 2004) ("We presume that the General Assembly intended to *Page 5 
attach significance to every word, sentence and provision of a statute."). However, the Supreme Court has held that the mechanics' lien statute is in derogation of the common law and therefore must be strictly construed. Gem Plumbing Heating Co., Inc. v.Rossi, 867 A.2d 796, 803 (R.I. 2005) (citing Art MetalConstruction Co. v. Knight, 56 R.I. 228, 246, 185 A. 136, 144
(1936)).
The provisions of § 34-28-9, most recently amended in 2008, provide a new and more sensible approach to lien claims for retainage. Before the 2008 amendment, § 34-28-9 required a contractor seeking to maintain a lien claim for retainage on a project that spanned a period of months or years to file notices of intention every 200 days, and file a lis pendens and a petition to enforce within 40 days thereafter. This resulted in the need to file multiple claims in order to fully cover the period in which retainage was due. The amendment to § 34-28-9 eliminated the need for repeated lien filings and lawsuits that were required under prior law to perfect mechanics' liens for extensive retainage claims. Section 34-28-9 deals with how far back a lien notice covers. In the first sentence of the statute, work done within the past 200 days is covered by a subsequent lien notice. The second sentence, which only applies to retainage earned, creates an exception. The exception is that the lien does not have the 200 day back limitation.
Now, pursuant to § 34-28-9 (as amended), a contractor seeking to perfect a lien for retainage is only required to file a notice of intention once within 200 days of the contractor's last day of work. Upon the timely filing of the notice of intention, the contractor's retainage lien is protected back to it's first day on the job regardless of how many days or months have passed from the first day of work. *Page 6 
MT is now fearful that the January 22, 2010 Decision may be interpreted to mean that liens for retainage could continue indefinitely. The Court did not reach that issue and it was not an issue which the Court had before it.[1]
To this extent only, the Court's prior Decision is clarified and the Motion for Reconsideration is granted.
[1] MT argues that the deadline for the lien is 200 days of the last day the lienor was on the job. That appears to be a sensible approach as liens, like all good things, must come to eventual end. Clearly, the legislature did not intend that an encumbrance would remain against the property indefinitely, without the need for the lienor to ever justify it or even substantiate it's amount. The mechanics lien law is replete with strict deadlines for the perfection of liens.